CHIEF JUSTICE SAYLOR, Dissenting
According to the majority, the Governor's executive order concerning home care services per the participant-directed model "contains none of the hallmarks of collective bargaining." Majority Opinion, at 1189. Yet, the majority otherwise recognizes that the executive order "uses some similar concepts to those found in labor statutes[.]" Id. at 1187. Indeed, the executive order has been the predicate for the advertisement and conduct of a "union election" by a labor organization soliciting home care attendants' membership and paycheck deductions of dues subsidized by governmental assistance monies. R.R. at 3498a, 3504a-3505a, 3528.
In approving the executive order as a valid exercise of gubernatorial authority in the form of a mere "instruction from Governor Wolf to subordinate officials," Majority Opinion, at 1184, the majority relies substantially on the character of the executive order as being "voluntary, non-binding, non-exclusive, and unenforceable," id. at 1184-85. To me, the latter observations are relatively beside the point. In my view, *1196 the Governor's social policy initiative -- particularly in a regulated arena involving the payment of government funds to secure home care services, see 62 P.S. § 3051 - 3058 (the Attendant Care Services Act) -- represents too great a foray into legislative prerogatives to be considered anything less than a legislative act. See Pa. Const., art. II § 1 ("The legislative power of this Commonwealth shall be vested in [the] General Assembly[.]").[1] I also agree with Appellees and their amici that the provisions of the executive order authorizing, inter alia -- the election of a labor organization, the designation of the American Arbitration Association as an election monitor, the injection of the executive branch as an intermediary between the labor organization and consumer-employers, and the facilitation of terms-and-conditions agreements which may be directed toward impacting the private work relationships between such consumer-employers and the home care providers -- represent far more than simple communications with subordinate officials.
For these reasons, I would affirm the decision of the Commonwealth Court.

I also find Section 4 pertaining to the Direct Care Worker List flawed but refrain from additional commentary based on the Majority's remand for proceedings in the Commonwealth Court.